UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MUFTI ABDUL EL-MALIK-BEY ALI, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-647-JD-JPK |
| DAVID LIEBEL, | |
| Defendant. | |

OPINION AND ORDER

Mufti Abdul El-Malik-Bey Ali, a prisoner without a lawyer, began this case by filing two motions requesting injunctive relief in the Southern District of Indiana. ECF 1 and 2. He later filed a third motion requesting injunctive relief. ECF 10. All these motions seek to enforce the allegedly breached settlement agreements in *Ali v. Peterson*, 1:17-cv-1517 (S.D. Ind. filed May 9, 2017) and *Smith v. Peterson*, 1:19-cv-4671 (S.D. Ind. filed November 24, 2019). A copy of that joint settlement agreement is attached to his complaint. ECF 12-4. This case was transferred here because Ali is currently housed at the Miami Correctional Facility in this district.

This is not the first time Ali has sought to enforce this settlement agreement, but he knows he cannot do so in either this court or in the Southern District of Indiana. Last year, he filed an "Emergency Motion" in the Southern District which was transferred to this court. *See Ali v. Liebel*, 3:22-cv-488 (N.D. Ind. filed June 24, 2022). It was dismissed as inadvertently opened because Ali had not intended to file a new lawsuit in this district seeking to enforce the settlement agreement. Also transferred with that case was a

motion captioned for 1:17-cv-1517 and 1:19-cv-4671 which had been mistakenly docketed with the "Emergency Motion." It also sought to enforce the settlement agreement. It was transferred back to the Southern District so it could be docketed in those cases where Ali intended that it be filed.

The Southern District denied the motion in both cases. Both orders explained that to enforce the settlement agreement, he must file a new lawsuit, but not in federal court.

> [T]he plaintiff must note that "[s]uits for breach of contract, including those to enforce ordinary settlements, arise under state law. They cannot be adjudicated in federal court unless there is an independent basis of subject-matter jurisdiction, such as diversity." *Jones v. Association of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). The parties may have agreed among themselves that an action to enforce the settlement may proceed in this District, but their agreement does not supply the Court with jurisdiction to hear the case. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . ..").

1:17-cv-1517, ECF 182 at 2; and 1:19-cv-4671, ECF 80 at 2. The settlement agreement stipulates that: "Any action to enforce this Agreement may be brought in the United States District Court for the Southern District of Indiana or the Marion Superior Court, and each party waives the right to a change of venue from Marion County, Indiana." ECF 1-1 at ¶ 20. The Southern District of Indiana has clearly explained that the settlement agreement cannot be enforced in that court. This court has told him twice, in 3:22-cv-488 and 3:23-cv-396, that the settlement agreement cannot be enforced in this court. The terms of the settlement agreement say it can be enforced in the Marion Superior Court. If Ali wants to enforce the settlement agreement, he must file a case in

2

the Marion Superior Court. The motions asking this court for preliminary injunctive relief are meritless and will be denied.

Ali filed a complaint, but he did not use this court's form. Pursuant to N.D. Ind. L.R. 7-6, the court requires he use the Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form which is available from his prison law library. If Ali has a claim, other than enforcing the settlement agreement, which he wants to bring in this court, he needs to use that form. He has also been told twice that he needs to resolve his filing fee status by either paying the filing fee or seeking leave to proceed in forma pauperis. ECF 6 and 8. He must resolve his filing fee status. Finally, Ali filed a motion asking the court to review his complaint and preliminary injunctive relief motions. ECF 17. This order does that.

For these reasons, the court:

(1) DENIES the motions (ECF 1, 2, and 10) for preliminary injunctive relief;

(2) STRIKES the complaint (ECF 12);

(3) GRANTS Mufti Abdul El Malik-Bey Ali until **August 31, 2023**, to resolve his filing fee status and file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form;

(4) DENIES as MOOT the motion (ECF 17) requesting the court review this case;

(5) CAUTIONS Mufti Abdul El Malik-Bey Ali if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on July 18, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT